IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD BRACEY, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | (capital habeas corpus) |
| | : | |
| v. | : | No. 02-3685 |
| | : | |
| JEFFREY BEARD, Commissioner, | : | |
| Pennsylvania Department of Corrections; | : | |
| DONALD T. VAUGHN, Superintendent of the | : | |
| State Correctional Institution at Graterford, and | : | |
| JOSEPH P. MAZURKIEWICZ, Superintendent | : | |
| of the State Correctional Institution at | : | |
| Rockview, | : | |
| | : | (Hon. Berle M. Schiller) |
| Respondents. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2003, it is hereby ORDERED that:

1.      Petitioner's *Motion for Leave to Amend Petition for Writ of Habeas Corpus* is hereby GRANTED;

2.      The *Amendment to Petition for Writ of Habeas Corpus*, dated June 18, 2003 and attached to Petitioner's *Motion for Leave to Amend Petition for Writ of Habeas Corpus*, is hereby accepted and deemed filed as of that date.

BY THE COURT:

_____
SCHILLER, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                        :
EDWARD BRACEY,                            :
                                                        :        CIVIL ACTION
                        Petitioner,              :        (capital habeas corpus)
                                                        :
        v.                                             :        No. 02-3685
                                                        :
JEFFREY   BEARD,   Commissioner, :
Pennsylvania  Department  of  Corrections; :
DONALD T. VAUGHN, Superintendent of the :
State Correctional Institution at Graterford, and :
JOSEPH P. MAZURKIEWICZ, Superintendent :
of  the  State  Correctional  Institution  at :
Rockview,                                         :
                                                        :        (Hon. Berle M. Schiller)
                        Respondents.         :
_____ :

_____

**PETITIONER'S MOTION FOR LEAVE TO AMEND
PETITION FOR WRIT OF HABEAS CORPUS**

_____

        Petitioner, Edward Bracey, respectfully moves for leave to amend his petition for writ of

habeas corpus to include the claim that his death sentence violates the Eighth Amendment to the

United States Constitution because he is mentally retarded.  See Atkins v. Virginia, 536 U.S. 304

(2002).  In support of this motion, Petitioner states as follows:

        1.        Petitioner is a death-sentenced Pennsylvania prisoner.

        2.        In Atkins, the United States Supreme Court held for the first time that the Eighth

Amendment prohibits executing people with mental retardation.

        3.        Atkins is a new rule of constitutional law that is retroactively applicable to Petitioner.

See Penry v. Lynaugh, 492 U.S. 302, 329 (1989) (constitutional prohibition of execution of mentally

retarded individuals would be retroactive under federal law); In re Holladay, — F.3d —, 2003 WL 21210330, *3 (11th Cir. May 26, 2003) ("the new constitutional rule abstractly described in Penry and formally articulated in Atkins is retroactively applicable to cases on collateral review") (citing Walker v. True, 2003 WL 21008657 (4th Cir. May 6, 2003); In re. Morris, 328 F.3d 739 (5th Cir. 2003); Bell v. Cockrell, 310 F.3d 330 (5th Cir. 2002); Hill v. Anderson, 300 F.3d 679 (6th Cir. 2002)).

4.      On November 22, 2002, Petitioner filed in this Court a Petition for Writ of Habeas Corpus raising several challenges to the constitutionality of his conviction and death sentence.  On November 27, 2002, he filed a Supplement to the Petition for Writ of Habeas Corpus, raising issues that were inadvertently left out of the previously filed Petition.  (Petitioner will refer to these pleadings collectively as the *Habeas Petition*.)

5.      All previously filed claims contained in the *Habeas Petition* are fully exhausted – all of those claims were fairly presented to the state courts.

6.      There is evidence that Petitioner is mentally retarded.  However, the *Habeas Petition* did not contain a claim that Petitioner's mental retardation prohibits a death sentence, because Petitioner had not yet exhausted such a claim in state court.

7.      Petitioner is currently exhausting this Atkins claim in state court, having filed it in state court on August 16, 2002.  Petitioner's Atkins claim is pending in the Philadelphia County Court of Common Pleas.

8.      Because the state courts have not yet ruled on Petitioner's Atkins claim, it remains unexhausted.  However, because Atkins was decided on June 20, 2002 and AEDPA contains a one year statute of limitations, Petitioner believes he should now file this claim in federal court in order

2

to preserve it. Petitioner thus seeks leave to amend the *Habeas Petition* to include the <u>Atkins</u> claim.

9.    Petitioner believes he should file his <u>Atkins</u> claim in federal court now, even though the claim is not yet exhausted, because of the potential statute of limitations problem discussed in the accompanying *Unopposed Motion to Hold Federal Proceedings in Suspense Pending Exhaustion of State Remedies*.

10.    Petitioner's counsel have prepared an amendment to the *Habeas Petition* which sets forth facts indicating that Petitioner's death sentence should be held unconstitutional under <u>Atkins</u>. The amendment is appended hereto.

11.    Petitioner hereby seeks leave to amend the *Habeas Petition* in conformity with this amendment.

12.    Rule 15 of the Federal Rules of Civil Procedure provides the standard governing a habeas petitioner's motion for leave to amend the petition. <u>See</u> <u>Riley v. Taylor</u>, 62 F.3d 86, 89-90 (3d Cir. 1995); 28 U.S.C. § 2242 (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); Habeas Rule 11 (rules of civil procedure apply to extent not inconsistent with habeas rules); Advisory Committee Note to Habeas Rule 5 ("civil rule 15(a) may be used to allow the petitioner to amend his petition"); <u>Withrow v. Williams</u>, 113 S.Ct. 1745, 1755-56 n.7 (1993) ("Rule 15 applies in habeas actions").

13.    Under Rule 15, "leave [to amend] shall be freely given when justice so requires." Except in situations involving bad faith on the part of the movant, which are clearly not present here, justice generally requires that leave to amend be granted. <u>Riley</u>, 62 F.3d at 90.

14.    Thus, under the circumstances of this case, leave to amend is appropriate.

15.    This motion is made in good faith, is not intended to delay, and is based on the

circumstances described above and in the accompanying *Unopposed Motion to Hold Federal Proceedings in Suspense Pending Exhaustion of State Remedies*.  Amendment of the *Habeas Petition* will not prejudice Respondents, who have not yet filed an answer.

WHEREFORE, Petitioner's motion for leave to amend should be granted, and the attached amendment should be deemed filed as of the date of the filing of this motion, June 18, 2003.

Respectfully Submitted,

_____
BILLY H. NOLAS
ROBERT BRETT DUNHAM
JAMES MORENO
Assistant Federal Defenders
Defender Association of Philadelphia
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Building
Independence Square West
Philadelphia, PA 19106
215-928-0520

Dated:        June 18, 2003
              Philadelphia, PA

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of June, 2003, I caused copies of Petitioner's *Motion for Leave to Amend Petition for Writ of Habeas Corpus* and *Unopposed Motion to Hold Federal Proceedings in Suspense Pending Exhaustion of State Remedies* to be served on the following person by first class United States mail, postage prepaid:

> Thomas Dolgenos, Esquire
> Philadelphia District Attorney's Office
> 1421 Arch Street
> Philadelphia, PA 19102


_____
Billy H. Nolas, Esq.