UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD BRACEY, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | (capital habeas corpus) |
| | : | |
| v. | : | No. 02-3685 |
| | : | |
| JEFFREY BEARD, et al., | : | Hon. Berle M. Schiller |
| | : | |
| Respondents, | : | |

**ORDER**

AND NOW, this _____, day of _____, 2003, it is hereby ORDERED that:

1. Petitioner's Unopposed Motion to Hold Federal Proceedings in Suspense Pending Exhaustion of State Remedies is GRANTED;

2. The time for filing a memorandum on the merits of the issues is tolled;

3. The above-captioned case is placed in civil suspense pending the exhaustion of state remedies.

BY THE COURT:

_____
Schiller, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD BRACEY, | |
| Petitioner, | CIVIL ACTION (capital habeas corpus) |
| v. | No. 02-3685 |
| JEFFREY BEARD, et al., | Hon. Berle M. Schiller |
| Respondents, | |

**UNOPPOSED MOTION TO HOLD FEDERAL PROCEEDINGS IN SUSPENSE PENDING EXHAUSTION OF STATE REMEDIES**

Petitioner, Edward Bracey, moves to hold these federal habeas corpus proceedings in suspense pending exhaustion of state remedies. Respondents do not oppose this motion. In further support of this motion, Petitioner states:

1. Petitioner has today moved to amend his Petition for Writ of Habeas Corpus ("*Habeas Petition*") to raise a claim that his execution would violate the Eighth Amendment standards of the Supreme Court's decision in Atkins v. Virginia, 122 S.Ct. 2242 (2002), which prohibits execution of people with mental retardation. See Petitioner's *Motion for Leave to Amend Petition for Writ of Habeas Corpus* (filed contemporaneously with this motion).

2. Petitioner filed this Atkins claim previously in the Pennsylvania state courts via a Pennsylvania Post-Conviction Relief Act ("PCRA") petition in the Philadelphia County Court of Common Pleas, and a habeas corpus petition in the Pennsylvania Supreme Court. On December 31, 2002, the Pennsylvania Supreme Court denied the habeas petition "without prejudice to the [Court

of Common Pleas] to review the matter." The Atkins PCRA petition is pending in the Court of Common Pleas. Thus, the Atkins claim is unexhausted.

3. Needless to say, habeas law has become quite complex and unpredictable, as demonstrated most recently by the Third Circuit's decision in Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003). Merritt indicates, inter alia, that a habeas petitioner cannot know if his PCRA proceedings are "properly filed," and thus toll AEDPA's statute of limitations, until after the Pennsylvania Supreme Court rules in his or her case.

4. In order to avoid such potential procedural traps, Petitioner believes that it is appropriate to amend his *Habeas Petition* with the Atkins claim now, even though that claim is unexhausted and the state courts have not yet ruled on the pending state court PCRA petition.

5. Thus, Petitioner has on this date moved for leave to amend his federal habeas petition with the Atkins claim. Petitioner urges that that motion be granted, so that all of the issues in this case can be resolved ultimately in this federal habeas proceeding.

6. Petitioner also urges through the instant motion that these federal habeas proceedings be temporarily held in suspense pending exhaustion of the Atkins claim in state court. Judge Bartle of this District entered such an order in Whitney v. Horn, Civ. No. 99-1993 (March 31, 2003) (copy of order attached hereto). Whitney is a capital case that, like Petitioner's, involves the pendency of an Atkins claim in the Pennsylvania state courts. Judge Bartle ruled that the Whitney case should be put "in civil suspense, pending Petitioner's exhaustion of state remedies."

7. Respondents' counsel, Thomas Dolgenos, Esq., of the Philadelphia District Attorney's Office, has informed Petitioner's counsel that Respondents do not oppose placing this matter in suspense pending exhaustion of state remedies, and has authorized that representation of

Respondents' position.

8.      Suspense is appropriate instead of dismissal without prejudice. The reason for this is the uncertainty surrounding the inter-play between the state and federal statutes of limitations, and the potential effect of this problem on a petitioner such as Mr. Bracey. The Third Circuit addressed this problem in <u>Merritt v. Blaine</u>, where the court explained:

> Undoubtedly, there will be... habeas petitioners who find themselves in situations where their need to exhaust state remedies will create a tension with the one-year statute of limitations in AEDPA. ... The federal courts should seek ways to ameliorate the consequences for these petitioners in appropriate cases.
>
> Thus, for example, when petitioners have filed habeas actions in federal court before they have fully exhausted their state remedies, many federal courts have suggested that <u>the federal action should be stayed to give the petitioners an opportunity to file their state action because an outright dismissal, even if without prejudice, could jeopardize the timeliness of a collateral attack</u>. See, e.g., <u>Palmer v. Carlton</u>, 276 F.3d 777 (6th Cir. 2002) (approving Second Circuit approach of granting a stay with time limits upon the petitioner to bring his claims); <u>Zarvela v. Artuz</u>, 254 F.3d 374 (2d Cir.), <u>cert. denied</u>, 534 U.S. 1015, 122 S.Ct. 506, 151 L.Ed.2d 415 (2001) (holding district court should have stayed habeas petition and only dismissed unexhausted claims where complete dismissal jeopardized the timeliness of collateral attack); <u>Calderon v. United States Dist. Court</u>, 134 F.3d 981 (9th Cir. 1998) (denying state's challenge to district court order holding habeas petition in abeyance while petitioner exhausted claims in state court); <u>Neverson v. Bissonnette</u>, 261 F.3d 120, 126 n.3 (1st Cir. 2001) (noting that post-AEDPA, it may be appropriate to stay a habeas corpus petition until state remedies are exhausted); <u>Freeman v. Page</u>, 208 F.3d 572, 577 (7th Cir.), <u>cert. denied</u>, 531 U.S. 946, 121 S.Ct. 345, 148 L.Ed.2d 277 (2000) (noting that dismissal of habeas corpus petition is not proper when it would jeopardize the timeliness of a collateral attack). These opinions often cite the concurrence of Justice Stevens, joined by Justice Souter, suggesting this approach in <u>Duncan v. Walker</u>, 533 U.S. 167, 182-83, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (a non-capital case).

<u>Merritt</u>, 326 F.3d at 170 n.10 (emphasis added).

9.      Thus, the Third Circuit has recognized that what Petitioner seeks here (holding federal proceedings in suspense) is appropriate pending exhaustion of state court remedies.

10. The problem Petitioner wishes to resolve, as noted, involves the inter-play of the AEDPA federal statute of limitations and the PCRA state statute of limitations.

11. The AEDPA limitations period is found at 28 U.S.C. § 2244(d)(1)(C), and it allows a petitioner one year to file a habeas corpus petition seeking vindication of a new constitutional right – such as the right recognized in <u>Atkins</u>. This one-year period is tolled by a "properly filed" state post-conviction petition. 28 U.S.C. § 2244(d)(2). As stated above, Petitioner has filed a state post-conviction petition raising the <u>Atkins</u> claim, and it is pending in the Court of Common Pleas. Thus, it would appear that Petitioner's AEDPA limitations period should be tolled. However, a procedural trap awaits Petitioner depending on the outcome of the state post-conviction proceedings.

12. Petitioner's state post-conviction proceedings are under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, <u>et</u> <u>seq</u>. The PCRA has a limitations period, 42 Pa.C.S. § 9545(b)(1), which requires all PCRA petitions to be filed within one year of the completion of direct appeal unless one of three statutory exceptions is met. Petitioner's direct appeal was concluded in 1995 and, therefore, his PCRA petition is timely only if he meets one of the statutory exceptions to the PCRA limitations period.

13. Petitioner has asserted that his PCRA petition is timely under 42 Pa.C.S. § 9545(b)(1)(iii), which permits consideration of claims when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

14. It appears certain that <u>Atkins</u> must be given retroactive effect in collateral proceedings as a matter of federal law. The United States Supreme Court so stated in <u>Penry v. Lynaugh</u>, 492 U.S.

4

302, 329 (1989), and every <u>federal</u> court that has addressed the matter has held that <u>Atkins</u> applies retroactively. See <u>In re Holladay</u>, 2003 WL 21210330 (11th Cir. 2003) (citing <u>Walker v. True</u>, 2003 WL 21008657 (4th Cir. 2003); <u>In re. Morris</u>, 328 F.3d 739 (5th Cir. 2003); <u>Bell v. Cockrell</u>, 310 F.3d 330, 332 (5th Cir. 2002); <u>Hill v. Anderson</u>, 300 F.3d 679 (6th Cir. 2002)).

15.     However, the same cannot be said with certainty in state court in Pennsylvania. In <u>Commonwealth v. Abdul-Salaam</u>, 812 A.2d 497 (Pa. 2002), the Pennsylvania Supreme Court interpreted the PCRA's § 9545(b)(1)(iii), and held that it would apply a test of "reasonableness" to determine whether a new rule should be given retroactive effect to the adjudication of a second PCRA petition. In view of the uniform findings of retroactive application of the right established in <u>Atkins</u> by the United States Supreme Court (<u>Penry</u>), and the federal Courts of Appeal ( see supra), Petitioner is optimistic that the Pennsylvania Supreme Court <u>will</u> find <u>Atkins</u> retroactively applicable in successor state post-conviction proceedings.

16.     However, in the event that the Pennsylvania Supreme Court does <u>not</u> find <u>Atkins</u> retroactively applicable, there is a risk that Petitioner's pending PCRA petition will not be considered "properly filed" so as to toll AEDPA's limitations period. This problems arises from the Third Circuit's recent decision in <u>Merritt v. Blaine</u>, 326 F.3d 157, 166 (3d Cir. 2003), which held that the "properly-filed"-or-not status of PCRA proceedings depends entirely on the ultimate ruling of the Pennsylvania Supreme Court, and that if Pennsylvania Supreme Court ultimately holds a PCRA petition untimely, it was not "properly filed" and did not statutorily toll the AEDPA time.[1]

17.     Thus, Petitioner requests the relief sought by this motion because of his desire to

---

[1] The Third Circuit's ruling conflicts with those of the Fifth and Ninth Circuits. See <u>Dictado v. Ducharme</u>, 244 F.3d 724, 726-28 (9th Cir. 2001) (untimely state post-conviction proceedings are "properly filed" under § 2244(d)(2)); <u>Smith v. Ward</u>, 209 F.3d 383, 384-85 (5th Cir. 2000) (same).

avoid a procedural trap that may arise due to events beyond his control. As noted above, the Third Circuit approved the abeyance/suspense procedure in Merritt itself. See id. at 170 n.10.

18.  In addition, we ask that the filing of Petitioner's memorandum of law on the merits of the issues in this case be tolled, as the Court's ruling on the suspense and amendment relating to the Atkins issue shall affect the arguments presented by the memorandum.

WHEREFORE, Petitioner requests that this Court hold these federal habeas proceedings in suspense pending exhaustion of the state court proceedings concerning his Atkins claim.

                Respectfully submitted,

                _____
                BILLY H. NOLAS
                ROBERT BRETT DUNHAM
                JAMES MORENO
                Assistant Federal Defenders
                Capital Habeas Corpus Unit
                Federal Court Division
                Defender Association of Philadelphia
                437 Chestnut Street, Suite 510
                Philadelphia, Pa. 19106-2414
                215-928-0520

Dated: June 18, 2003

## CERTIFICATE OF SERVICE

I, Billy H. Nolas, hereby certify that on this date, I caused copies of Petitioner's *Motion for Leave to Amend Petition for Writ of Habeas Corpus* and *Unopposed Motion to Hold Federal Proceedings in Suspense Pending Exhaustion of State Remedies* to be served on the following person by first class mail:

> Thomas Dolgenos, Esq.
> Office of the Philadelphia County District Attorney
> 1421 Arch Street
> Philadelphia, PA 19102

_____
Billy H. Nolas

Dated: June 18, 2003