IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD BRACEY, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | (CAPITAL CASE) |
| | : | |
| JEFFREY BEARD, et al., | : | No. 02-CV-3685 |
| Respondents. | : | |

## RESPONSE TO UNOPPOSED MOTION TO HOLD FEDERAL PROCEEDINGS IN SUSPENSE

Petitioner Edward Bracey has asked this Court to hold his federal habeas petition in suspense, while he litigates his claim of mental retardation under Atkins v. Virginia, 536 U.S. 304 (2002), in the Pennsylvania courts.

As petitioner correctly reports, respondents do not oppose a stay here. Respondents do not agree, however, with much of the legal analysis contained in petitioner's memorandum.

Petitioner argues that these proceedings should be stayed, because he does not know what the outcome of his state court proceedings will be. He insists that this uncertainty justifies a stay of this case, rather than a dismissal, because the latter might become a problem if the state courts hold his PCRA petition to be untimely.

Respondents agree a stay is appropriate here, but for the opposite reason – the state court is clearly the proper place for such a claim to be made in the first instance. The state Atkins petition will likely not be time-barred, because Atkins announced a new rule of law, and the PCRA court will likely entertain it on its merits.

In most cases, when a habeas petition contains an unexhausted claim, it is more appropriate for the federal court to dismiss the petition without prejudice while the prisoner returns to state court for exhaustion purposes. This is the rule of Rose v. Lundy, 455 U.S. 509 (1982). In this Circuit, stays are particularly disfavored. Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997). The rationale of this rule of dismissal is clear – if such cases are routinely stayed, rather than dismissed, habeas becomes a mere jurisdictional parking lot, and habeas petitions will be held in abeyance at the mercy of improper state court proceedings.

Petitioner insists that the PCRA time-bar is hopelessly confusing. Because state prisoners cannot accurately predict whether their PCRA petitions will be time-barred or not, he argues, it is unfair to force prisoners to delay filing their federal habeas petitions until after their PCRA petitions have been litigated. If the PCRA petition turns out to be late, he explains, his federal habeas petition will be late, too, and he will have lost all chance at collateral review.

Respondents disagree. The PCRA time-bar is perfectly clear. Prisoners have one year to file; there are only a few rare and narrow exceptions. Atkins fits into one of the exceptions, because it is a new rule of constitutional law. See 42 Pa. C.S. § 9545(b)(1)(iii). Petitioner's Atkins petition is, therefore, properly filed. Further, Atkins would appear to qualify for an exception to the general rule against successive habeas petitions. 28 U.S.C. § 2244(b)(2)(A). If this habeas case is dismissed, petitioner would in all likelihood have the right to file another one, with exactly the same claims; if it is not dismissed, petitioner would in all likelihood be allowed to file a successive petition containing his Atkins claim.

As a practical matter, then, it makes no difference if this petition is stayed or dismissed – neither petitioner nor the Commonwealth gain an advantage from one or the other. It is in the interest of avoiding unnecessary litigation of this issue that respondents do not oppose a stay here.

Respectfully submitted,

THOMAS W. DOLGENOS
Chief, Federal Litigation

Cc: Billy H. Nolas, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD BRACEY                  :  CIVIL ACTION
                               :
      v.                       :
                               :
JEFFREY BEARD, et al.          :  NO. 02-3685



**CERTIFICATE OF SERVICE**

    I, THOMAS W. DOLGENOS, hereby certify that on June 23, 2003, a copy of the foregoing pleading was served by placing same, first class postage prepaid, in the United States Mail addressed to:

        Billy Nolas, Esquire
        Defender Assn. of Phila.
        Suite 545 West--Curtis Bldg.
        126 South 6th Street
        Philadelphia, PA    19106


                                            THOMAS W. DOLGENOS
                                            Chief, Federal Litigation
                                            District Attorney's Office
                                            1421 Arch Street
                                            Philadelphia, PA    19102
                                            (215) 686-5703